**In the United States District Court
for the District of Kansas**

---

**United States of America**,
                Plaintiff,

v.                                                         Case No. 20-10087-01 EFM

**Loren Olson,**
                Defendant.

---

### Motion to Determine Competency by Medical Intervention

---

Undersigned counsel moves this Court for an order to continue the jury trial and related deadlines for the purposes of obtaining an additional medical evaluation and testing to determine Mr. Olson's competency pursuant to 18 U.S.C. §§ 4241, 4247.

Mr. Olson was taken into custody at the time of a scheduled plea hearing in early November 2021 - after being on bond for almost a year – since December of 2020. Mr. Olson's supervising officer noted that he has some recent confusion in complying with his bond conditions prior to his detention.

18 U.S.C. § 4241(a) provides that any time prior to trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" the Court shall grant a defendant's motion to provide a hearing to determine the defendant's competency. Prior to the hearing, 18

U.S.C. § 4241(b) provides that a mental examination may be ordered, pursuant to 18 U.S.C. § 4247(b) and (c), to assist the Court in determining, at a hearing pursuant to 18 U.S.C. § 4241(c), whether a preponderance of the evidence exists that the defendant is competent. 18 U.S.C. § 4241(d).

Recent events lead counsel to question Mr. Olson's competency to assist in his defense.[1] Counsel for Mr. Olson believes that Mr. Olson's mental health has detrimentally impacted his ability to assist in his own defense.[2] Further, Mr. Olson has recently been evaluated by a psychologist who diagnosed him with Unspecified Neurocognitive Disorder. The psychologist's report explains that the origin of Mr. Olson's mental status deficits and cognitive impairment is difficult to ascertain because he has multiple medical conditions that could be leading to these issues. The report concludes that at present, Mr. Olson is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. But the report goes on to say that is possible his condition could improve depending on underlying cause(s) of his impairment. Meaning that with further medical examination, i.e., labs to determine hepatic and renal functioning, updated

---

[1] Although "the concerns of counsel alone are insufficient to establish doubt of a defendant's competency," "defense counsel is often in the best position to determine whether a defendant's competency is questionable." *Bryson v. Ward*, 187 F.3d 1193, 1201–02 (10th Cir. 1999); *McGregor v. Gibson*, 248 F.3d 946, 960 (10th Cir. 2001); *Drope v. Missouri*, 420 U.S. 162, n. 13 (1975) (cleaned up) ("Although we do not, of course, suggest that courts must accept without question a lawyer's representations concerning the competence of his client, an expressed doubt in that regard by one with the closest contact with the defendant, is unquestionably a factor which should be considered.").

[2] Undersigned counsel believes that these conversations are confidential and privileged. Rather than disclosing the contents of the communications, she respectfully requests the Court to accept her good faith assentation as an officer of the Court.

brain imaging, etc., it is conceivable that Mr. Olson's mental status deficits could improve with treatment.

Counsel for Mr. Olson is currently seeking a medical doctor to review Mr. Olson's medical records and determine what additional medical test are necessary to confirm if the cognitive decline preventing Mr. Olson from participating in his own is biological and can be medically treated.

WHEREFORE, counsel for Mr. Olson asks this Court to continue the jury trial and related deadlines for 60 days to allow for a medical doctor to evaluate Mr. Olson's medical records and determine what additional medical testing in needed, in an effort to restore competency for Mr. Olson prior to holding a pre-trial hearing pursuant to 18 U.S.C. §§ 4241(b)-(d).  18 U.S.C § 3161(h)(1)(a).

Respectfully submitted,

s/Jennifer Amyx
JENNIFER AMYX, Sup. Ct. No. 24260
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: Jennifer_Amyx@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court on January 7, 2022, by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Jason Hart
    Assistant United States Attorney
    Jason.Hart2@usdoj.gov

                                                  s/Jennifer Amyx
                                                  JENNIFER AMYX, Sup. Ct. No. 24260